UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ELLIOTT ASKA, as Personal Representative of the Estate of Conrad Jules Aska, deceased, on behalf of himself and all potential beneficiaries and heirs,

        Plaintiff,

vs.

ATLAS AIR WORLDWIDE HOLDINGS, INC.; ATLAS AIR, INC.; AMAZON.COM SERVICES, INC.; AMAZON FULFILLMENT SERVICES, INC.; F & E AIRCRAFT MAINTENANCE (MIAMI), LLC; and FLIGHTSTAR AIRCRAFT SERVICES, LLC,

        Defendants

_____/

## DEFENDANT ATLAS AIR, INC.'S NOTICE OF REMOVAL

Defendant, ATLAS AIR, INC. ("Atlas"), by and through its undersigned counsel, and pursuant to 28 USC Sections 1332, 1333, 1441, and 1446, hereby gives notice of the removal to this Court of the case styled *Elliott Aska, as Personal Representative of the Estate of Conrad Jules Aska v. Atlas Air, Inc., et al.*, filed in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. As grounds for this removal Atlas states as follows:

**I.    FACTUAL BACKGROUND**

This action arises from the February 23, 2019 crash of Atlas Air flight 3591 that occurred near Houston, Texas. *See*, Compl. ¶ 1. The Complaint alleges negligence against each of the named defendants. *See*, Compl. generally. Plaintiff filed this action in the Circuit Court of the

Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, on September 19, 2019.[1] As of the filing of this Notice of Removal, no defendant has been served in this action. A copy of the Complaint is attached hereto as Exhibit "A."

## II. STATEMENT OF GROUNDS FOR REMOVAL

Removal is appropriate in "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Here, removal is appropriate based on diversity of citizenship pursuant to 28 U.S.C. § 1332. In order for this Court to have subject matter jurisdiction over this case based on diversity of citizenship, and for Defendant to properly remove the pending State court action to this Court, all of the following conditions must be met: (a) complete diversity of citizenship between the parties, (b) the amount in controversy must be in excess of $75,000, and (c) the notice of removal must comply with the statutory procedures outlined in 28 U.S.C. § 1446.

The parties to this action are Plaintiff, Elliott Aska, as Personal Representative of the Estate of Conrad Jules Aska, and Defendant, Atlas. At all times material, Plaintiff was and is a resident of the State of Florida. *See* Compl. at ¶ 3. The decedent was also an Atlas employee, and Atlas' records confirm that that decedent was a United States citizen who resided in Florida. At all times material, Atlas was and is a foreign corporation with its place of incorporation and principal place of business in Delaware and New York, respectively. *See* Compl. at ¶ 6. As the Plaintiff is a citizen of the State of Florida and Defendant is a citizen of Delaware and New York, there is complete diversity of citizenship between the parties. None of the remaining defendants have been served, and therefore their citizenship and consent need not be obtained for

---

[1] A related action was filed on behalf of the sole passenger on board Atlas Air flight 3591 in the United States District Court for the Southern District of Texas, case number 3:19-cv-00170, styled *Leidy Tatiana Carvajal Archuleta, individually, and in her capacity as Administratrix of the Estate of Sean Archuleta, and as next friend of minors JA and VS v. Atlas Air, Inc., et al*.

proper removal. *See North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1268 (M.D. Fla. 2009) ("…the propriety of removal under Section 1441(b) must be considered only at the time of removal—not at the time a diverse, forum defendant is later joined and served in an action.").

Defendant, as the moving party, also bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. The amount in controversy is the amount that Plaintiff will put at issue in the course of this litigation, and not the amount Plaintiff will recover. *Pretka v. Kolter City Plaza II*, 608 F. 3d 744, 751-52 (11th Cir. 2010). Under federal case law, where a fair reading of the complaint in a state court action based upon serious personal injuries or death places the defendant on notice as to the substantial amount of damages involved, the defendant should be aware that the claim is removable even though the plaintiff merely alleges the state court's jurisdictional amount. *Angrignon v. KLI, Inc.,* 08-81218-CIV, 2009 WL 506954, at *4 (S.D. Fla. Feb. 27, 2009) ("Based on the unchallenged factual allegation that a life was lost, the Court has engaged in a common sense evaluation of the types of damages that Plaintiff is seeking and concludes Defendant has established by a preponderance of the evidence that the amount in controversy is in excess of $75,000.") This case relates to the death of Mr. Conrad Jules Aska as a result of an aircraft crash. *See* Compl. generally. The decedent is survived by a daughter and his Estate, which seek to recover all damages pursuant to Florida's Wrongful Death Act. *See* Compl. at ¶ 39. Thus, a reasonable reading of the Complaint indicates that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. As a result, the action is removable to federal court under 28 U.S.C. §§ 1332 and 1441.

Irrespective of diversity jurisdiction, this Court also has original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." *Jerome B. Grubart, Inc. v. Great Lakes Dredge*

*& Dock Co.*, 513 U.S. 527, 531, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995) (citing 28 U.S.C. § 1333(1)); *Exxon Mobil Corp. v. Starr Indem. & Liab. Ins. Co.*, 181 F. Supp. 3d 347 (S.D. Tex. 2015) (removal of action from state court to federal court permitted based purely upon admiralty jurisdiction, without an independent basis for federal court jurisdiction).

For admiralty jurisdiction to exist, a claim must satisfy the maritime situs and nexus tests. *Everhart v. Royal Caribbean Cruises Ltd.*, 07-23098-CIV, 2008 WL 717795, at *2 (S.D. Fla. Mar. 17, 2008). In other words, the tort must have occurred in a maritime location and it must evince a connection to maritime activities. The first prong of the test is satisfied if the injury or damage was caused by a ship or a vessel on navigable water, even if the injury occurred on land. *Id.*; *see also Harville v. Johns-Manville Products Corp.*, 731 F.2d 775, 781–82 (11th Cir. 1984) (The tort occurs "where the alleged negligence took effect," rather than where the negligent act was done); *Taghadomi v. United States*, 401 F.3d 1080, 1084 (9th Cir. 2005) (holding that "the situs of a tort for the purpose of determining admiralty jurisdiction is the place where the injury occurs").

The second prong of the test involves its own two-pronged inquiry: (1) whether the incident has a potentially disrupting impact on maritime commerce, and (2) whether the general character of the activity giving rise to the incident shows a "substantial relationship to traditional maritime activity." *Grubart*, 513 U.S. at 534. In determining whether the incident has a potentially disruptive impact on maritime commerce, courts look to the general features of the type of incident involved. *Id*.

Here, the incident in Plaintiff's Complaint allegedly occurred over the waters of Trinity Bay. *See*, Compl. at ¶ 15. Thus, the situs of the alleged tort was maritime.  Further, though the flight was regional with service from Miami to Houston's George Bush Intercontinental Airport,

the flight necessarily navigated over the intercontinental waters of the Gulf of Mexico. *See* Compl. ¶ 13. The flight also involved activities that are typically maritime in nature as it was a cargo flight. *Id*. Thus, the incident may both disrupt maritime commerce, and has a substantial relationship to traditional maritime activities. Accordingly, as this Court has original jurisdiction over admiralty actions, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. Sections 1331 and 1441(a).

### III.   PROCEDURAL MATTERS

*Venue*. Venue in this Court is proper pursuant to 28 U.S.C. § 1446(a) because this action is being removed from the state court in which it was originally filed, which is the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the District Court of the United States for the district and division in which such action is pending, the Southern District of Florida. *See also* Local Rule 1.02(b)(3).

*Timely*. This Notice of Removal has been timely filed by defendant, Atlas, pursuant to 28 U.S.C. § 1446(b), as it has been filed within thirty (30) after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. Here, a copy of the pleading was provided by opposing counsel on September 19, 2019, and Atlas hereby waives service.

*Pleadings*. A copy of the pleadings is attached hereto as Exhibit "A". Atlas hereby waives service and therefore there are no process or orders that have been served upon Defendant in this action at this time.

*Notice to State Court and Plaintiff of Removal.* Atlas will promptly file a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d) with the Clerk of the Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida and will give written notice thereof to

all parties. A copy of the Notice of Filing is attached hereto as Exhibit "B." Atlas contemporaneously files its notice of filing of a copy of the state court's record with the Clerk of this Court in compliance with 28 U.S.C. § 1447(b).

*No Waiver*. By filing this Notice of Removal, Defendant does not waive any defenses available to it.

WHEREFORE, Defendant ATLAS AIR, INC., respectfully requests that the above action now pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, be removed therefrom to this Honorable Court based on diversity jurisdiction.

Dated: September 23, 2019         Respectfully submitted,

*/s/ Clayton W. Thornton*
**Clayton W. Thornton**
Fla. Bar No. 105609
E-mail: clayton.thornton@clydeco.us
Secondary e-mail: eseervice@clydeco.us
**CLYDE & CO US LLP**
Counsel for Defendant ATLAS AIR, INC.
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Tel: 305-446-2646
Fax: 305-441-2374

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that September 23, 2019, undersigned counsel electronically filed the foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing STEVEN C. MARKS, ESQ., Podhurst Orseck, P.A., Attorneys for Plaintiff, One S.E. 3rd Avenue, Suite 2700, Miami, FL 33131 (smarks@podhurst.com); and AARON R. RESNICK.,

ESQ., Law Offices of Aaron Resnick, P.A., Co-Counsel for Plaintiff, 100 Biscayne Boulevard, Suite 1607, Miami, FL 33132 (aresnick@thefirmmiami.com; efile@thefirmmiami.com).

CLYDE & CO US LLP

By: */s/ Clayton W. Thornton*
    **CLAYTON W. THORNTON**
    Florida Bar No. 105609
    Email: clayton.thornton@clydeco.us
           eservice@clydeco.us